```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
UNITED STATES OF AMERICA,               :
                                        :   21CR00037-1 (DLC)
            -v-                         :   22CV09979 (DLC)
                                        :
CAREEM JOSEPH,                          :   ORDER
                                        :
                  Defendant.            :
                                        :
----------------------------------------X
```

DENISE COTE, District Judge:

On November 18, 2021, Joseph was sentenced principally to a 78-month term of imprisonment pursuant to his conviction for one count of robbery and one count of conspiracy to commit robbery in violation of 18 U.S.C. § 1951. On November 22, 2022, Joseph filed a motion under 28 U.S.C. § 2255 requesting modification of his sentence. Joseph also filed a motion requesting that counsel be appointed to represent him with respect to his § 2255 motion.

A District Court may appoint counsel to represent a financially eligible person seeking relief under § 2255 if "the court determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2); 28 U.S.C. § 2255(g). Counsel may not be appointed, however, if the petitioner has little chance of succeeding on the merits. See Hodge v. Police Officers, 802 F.2d 58, 60 (2d Cir. 1986) (interpreting the requirements for appointment of counsel in civil cases under 28 U.S.C. § 1915);

Starkes v. United States, 20CV00265 (LGS), 2020 WL 230944, at *2 (S.D.N.Y. Jan. 15, 2020) (applying Hodge in the context of a § 2255 motion).

Joseph has appealed his conviction and that appeal remains pending. "As a general matter, the filing of a notice of appeal is an event of jurisdictional significance -- it confers jurisdiction on the court of appeals and divests the district court of control over those aspects of the case involved in the appeal." United States v. Rodgers, 101 F.3d 247, 251 (2d Cir. 1996) (quoting Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982)). Additionally, § 2255(f)(1)'s one-year deadline to file a motion does not begin to run until after Joseph's appeal is adjudicated. See Kemp v. United States, 142 S. Ct. 1856, 1860 (2022). Accordingly, it is hereby

ORDERED that Joseph's motion to appoint counsel is denied.

IT IS FURTHER ORDERED that Joseph's motion to correct his sentence pursuant to 28 U.S.C. § 2255 is denied, without prejudice to renewal after his appeal has been adjudicated. To the extent that this Order qualifies as "the final order in a proceeding under [28 U.S.C. § 2255]," 28 U.S.C. § 2253(c)(1)(B), the defendant has not made a substantial showing of a denial of a federal right and, therefore, a certificate of appealability shall not be granted. Hoffler v. Bezio, 726 F.3d 144, 154 (2d Cir. 2013); Tankleff v. Senkowski, 135 F.3d 235, 241 (2d Cir.

1998); Rodriquez v. Scully, 905 F.2d 24, 24 (2d Cir. 1990). Pursuant to 28 U.S.C. § 1915(a)(3), any appeal from this Order would not be taken in good faith. Coppedge v. United States, 369 U.S. 438, 445 (1962).

IT IS FURTHER ORDERED that the Clerk of Court shall mail Joseph a copy of this Order and note mailing on the docket.

SO ORDERED:

Dated:    New York, New York
          December 9, 2022

                                          _____
                                                DENISE COTE
                                          United States District Judge